Judge Wood
delivered the opinion of the court:
In respect to the first count, the defendant maintains that the -consideration of the undertaking on the part of his intestate is not letting merely, but, in addition, the actual enjoyment • of the premises leased, and hence he deduces the necessity of an averment that his intestate actually possessed and enjoyed the premises.
*302 It is not difficult to suppose a case in which an agreement to lease, or an actual lease, may be predicated upon such circumstances, and expressed in such terms as that the contract itself, without possession or enjoyment, would constitute a good consideration for the covenant to pay rent. The case, however, is not of ordinary occurrence, and in our opinion this is not such a one. Ry the 297] terms of the agreement ^lessor stipulates that, in consideration of the agreement of the lessee to pay the rents specified, he-had leased the premises named with certain enumerated privileges, to take timber to repair the fences, to use the large timber for the lessee’s benefit, to have the liberty of seeding; then comes-the covenants of the lessee: “In consideration whereof, the said G-. Tull-is agrees to pay the aforesaid yearly rent.” Here is a clear expression for what consideration the rent was to be paid. It was for the enjoyment of the uses and benefits previously contracted for by the lessor, the enjoyment, the seeding, the timber. These are precedent to the covenant to pay rent, and expressly form the consideration for the rent to be paid. The fact of the enjoyment, or of the tender of the privilege to enjoy, made by the lessor to the lessee, ought to be averred in the declaration. This averment must be material, because the proof of the facts, at the trial, would be preliminary to the plaintiff’s right of recovery. In this particular the declaration is defective.
In the opinion of the court there is an objection to this count,, besides the omission of this averment. In describing the instrument declared on, the plaintiff avers that by the said article the-defendant “acknowledged himself to be held and firmly bound to the said Tullís, in his lifetime, in the sum of one hundred and eighty dollars, to be paid,” etc. The written agreement is, by oyer, made part of the pleadings. Upon examining it, the stipulation is in these words: “The said George Wiley, in consideration hereof, agrees to pay the aforesaid yearly rent of sixty dollars to the said George Tullís, at the times above limited for’payment.” Here is a- palpable misdescription of the writing upon which the declaration is founded — a fatal variance between the. obligation declared on and the one exhibited upon the demand of oyer. As the pleadings stand, this variance is presented by them, and furnishes a separate and distinct ground for sustaining the demurrer.
The second count is upon a contract of lease made by a married *303 woman.' A married woman can not make a lease of her husband’s real estate; consequently, if the writing declared on is an operative lease, it is void. If we consider it a contract which the wife could make and the husband might ratify, it should be declared on as the contract of the husband. How it was made is a fact in pais, .to be proved at the trial. *In either aspect of the case the [298 count is bad, and the demurrer to it well taken.
There are the same objections to the third count that vitiate the second, with this, in addition, that the contract is alleged to have been made by the wife, and the husband’s ratification is not averred. A wife can not bind, her husband by a contract of this description, even if it be not a lease, without his ratification of such contract. The recital that the contract was made by the wife, without an averment of the husband’s ratification, does not make a case for the husband to reason upon.
The issue in fact on the fourth count, not having yet been tried, the cause is remanded for that purpose only. The demurrer to the three first counts is sustained.